UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEMPES SAINT-VIL, MARDOCHEE SAINT-VIL,
NAHUMY JEANLOUIS, and JOEL LEWIS

                       Plaintiffs,

             - against -

THE CITY OF NEW YORK, P.O. DOUGLAS J. CORSO,
DET. COX, DET. ATKINS, DET. SELWYN FONRO and
JOHN DOES A-F the name "Doe" being Fictitious and intended
to represent those police Officers Involved in the use of unlawful
search and seizure and False Imprisonment, assault, battery, use
of excessive force, Intentional infliction of emotional distress
against Plaintiffs,

                      Defendants.
------------------------------------------------------------------X

SECOND AMENDED
COMPLAINT

10 CV 04904 (ARR)(SMG)

JURY TRIAL DEMANDED

Plaintiffs, by their attorneys, *The Law Offices of* **MICHAEL P. MANGAN LLC.**, for their Complaint against the Defendants, allege, at all times material herein, that:

## NATURE OF THE ACTION

1)     This is Civil Rights Action by four citizens of New York City against members of the New York City Police Department for false arrest, use of excessive force, and assault and battery. The City of New York is separately liable for failing to adequately train and supervise its Police Officers that City policymakers know that NYPD officers continually and regularly violate the Fourth Amendment rights of its citizens in the very way that the defendants in this action violated plaintiffs' rights. The Plaintiffs were arrested on July 16, 2010 outside a public park in Brooklyn, New York, where they were physically assaulted by the police. The police also sexually assaulted and battered plaintiff Mardochee Saint-Vil, by removing her clothing and touching her inappropriately while placing her into police custody. The plaintiffs all suffered physical injuries and were treated at Kings County Hospital while in custody, and before being processed through Kings County Central Booking. All charges against the Plaintiffs have been dismissed.

## VENUE AND JURISDICTION

2) This action is brought pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

5) Plaintiffs KEMPES SAINT-VIL, MARDOCHEE SAINT-VIL, and NAHUMY JEANLOUIS are residents of the State of New York, County of Kings, all are related by blood, and all are African American.

6) JOEL LEWIS is a resident of the State of New York, Richmond Count, and is African American.

7) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

8) Upon information and belief, Defendant DOUGLAS J. CORSO, Shield No. 352, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities.

9) Upon information and belief, Defendant DET. COX, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities

10) Upon information and belief, Defendant DET. ATKINS, shield no. 742, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described

    herein and acted in his official and individual capacities

11)    Upon information and belief, Defendant DET. SELWYN FONRO, shield no. 323, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities.

12)    Defendants "John Does" are, upon information and belief, New York City Police Officers and Detectives at the time of the events described herein and acted in their official capacities and individual capacities. Upon information and belief, some of the John Doe defendants had shield numbers as follows: 738, and 3232.

13)    All individual defendants are being sued in their individual capacities.

14)    The City of New York (the "City") at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, detectives, supervisors, agents and/or employees of the New York City Police Department.

## FACTS

15)    On July 16, 2010, at or about 6:45 pm, defendant police officers mercilessly beat Plaintiff Kempes Saint-Vil after apprehending him on the street near the intersection of Nostrand Avenue and Foster Avenue in Kings County Brooklyn. Defendants beat Kempes with their hands and kicked him while he was lying down on the sidewalk in handcuffs.

16)    Defendants caused Kempes injury to his head, face, neck, shoulders, arms and hands. Kempes was bleeding – and because these defendant police officers committed these violent acts against this defenseless citizen in public and in broad daylight, several persons who viewed these constitutional violations against Kempes voiced their opposition to the acts of these unlawful police officers. Det. Cox was responsible for most of the blows and kicks to Kempes, and Det. Atkins assisted Det. Cox by holding Kempes down on the ground with his foot while Kempes was beaten by Cox.

17) Plaintiffs Nahumy Jeanlouis and Mardochee Saint-Vil, Kempes' sisters, were among those persons who voiced their opposition to the savage unconstitutional acts of the defendant police officers.

18) Plaintiff Joel Lewis was present duing these events, but had no connection to te other three plaintiffs and did not know them.

19) After Kempes was beaten on the ground, defendant officers lifted him off the ground by his hair and placed inside a waiting police vehicle.

20) Mardochee, Joel Lewis, and several other citizens, were recording the police officers' unlawful conduct with cameras.

21) During this period of time, Mardochee was struck in the face by the fist of a male New York City Police officer. Upon information and belief, it was the police officer with shield number 738 who struck Mardochee in the face.

22) After being struck in the face by a male police officer, Mardochee, together with her sister Nahumy, walked to the back of the unmarked police vehicle to inspect the license plate of the vehicle.

23) At that time, Mardochee and Nahumy were grabbed by defendant police officers, without warning. Nahumy was thrown to the ground on her back and immediately began bleeding. Nahumy was then handcuffed, with excessive tightness, and eventually taken into custody by placing her in the back of a police vehicle.

24) Joel Lewis was grabbed by police officers and thrown face down onto a parked vehicle, causing his head to his the body of the parked car. He was then handcuffed, and thrown into the back of a patrol car.

25) Mardochee was grabbed by male police officers, who pulled the top of her "tube-top"

dress down, thereby exposing Mardochee's bare chest to the police officers and the crowd of bystanders. While Mardochee's chest was exposed, the defendant police officers held her hands behind her back, and handcuffed her. Upon information and belief, the two officers who grabbed and restrained Mardochee were Det. Selwyn Fonro, Shield No. 323, and an officer with Shield No. 3232.

26) One defendant police officer, who Plaintiffs believe to be Det. Selwyn Fonro, stated to Mardochee, using obscenities, that he "did not give a [EXPLETIVE] about your dress." Det. Fonro then groped Mardochee, touching her inappropriately on her exposed chest. Mardochee immediately complained to the other officers about Fonro's inappropriate sexual misconduct.

27) Mardochee and Nahumy were put into separate police vehicles in hand-cuffs.

28) Upon information and belief, the police arrested another individual who had attempted to record the defendants' unlawful conduct described herein, and that individual was also placed in custody in the same police vehicle with Mardochee.

29) While Mardochee was rear-cuffed in the back of the police vehicle, one of the defendants took possession of her cellular phone, the same device she had used to record the defendants' use of excessive force upon Kempes.

30) Mardochee, Nahumy, Kempes and the fourth individual, were taken to parking lot behind a Pathmark grocery store in Brooklyn. All four persons were then transferred to another police vehicle. During this exchange, a police officer deliberately slammed the vehicle door into Mardochee's legs, causing her pain and abrasion.

31) All plaintiffs were eventually delivered by police vehicle to the 67 Precinct.

32) Det. Fonro grabbed Mardochee by the arm and took her to the cell. In the cell, Det.

Fonro stated to Mardochee in the presence of others, while using profanity: "you should have had some [EXPLETIVE] clothes on you [EXPLETIVE] bird."

33) At approximately 4:00 am the next morning, while in police custody, Kempes, Mardochee and Nahumy, were taken to Kings County Hospital for treatment. Kempes, Mardochee and Nahumy were discharged from Kings County Hospital at or about the morning of July 17, 2010.

34) Following discharge from the Hospital, the plaintiffs were then processed through Kings County Central Booking on the evening of July 17, 2010.

35) Upon information and belief, the conduct of the police officers involved in the arrest, detention, imprisonment, false charges, battery and excessive force, was supervised, instructed, known, ordered and condoned by supervising ranking police officers and NYPD policy makers, responsible for the policies and supervision of all police officers involved in the conduct alleged herein.

36) Upon information and belief, the conduct of the defendant NYPD police officers was consistent with the City of New York's policies for the supervision, training, discipline and hiring of NYPD officers.

37) Upon information and belief, the City of New York had reason to believe, through notice of the prior misconduct of its police officers, that its police officers are prone to and do falsely arrest, imprison, and charge civilians, that its police officers are prone to and do batter, abuse and assault prisoners, that is police officers are prone to make false accusations in sworn instruments, and the City of New York through the NYPD does not adequately train, supervise or prevent this conduct, and that the NYPD and the City, by knowing of this pattern of conduct and without preventing or restricting it, does in fact

condone this conduct.

38) Conditions precedent for New York State Tort Law claims have been satisfied, including filing of notices of claim and compliance with time constraints for suit.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

39) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

40) Plaintiffs Mardochee, Nahumy and Joel Lewis were falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against their will.

41) Defendants violated the protections guaranteed these plaintiffs as citizens of the United States by arresting, detaining, imprisoning, and kidnapping them without probable cause.

42) Defendants committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the plaintiffs' rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiffs' rights, privileges and immunities secured by the United States Constitution.

43) All Defendants acted under color of law.

44) Defendants apprehended these plaintiffs based upon racial profiling and/or because of other improper reasons.

45) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

46) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who arrested, detained, imprisoned and humiliated plaintiff.

47) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest Under NY Tort Law)

48) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

49) Plaintiffs Mardochee, Nahumy and Joel Lewis, were falsely arrested in that they were wrongly, unlawfully and unjustifiably detained, arrested, searched and deprived of liberty against their will.

50) The wrongful, unjustifiable and unlawful apprehension, arrest, detention, search and imprisonment were carried out without probable cause.

51) All defendants are liable for said damage and injuries pursuant to Tort law of the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION
(Use of Excessive Force Under the 4th and 14th Amendments of the U.S. Constitution and 42 U.S.C. § 1983)

52) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

53) All Defendants used excessive force in detaining each of the plaintiffs, by unnecessarily striking the plaintiffs, kicking Kempes, throwing Nahumy on the ground, throwing Joel Lewis on a car, and using tightened restraints for excessive periods of time, and holding the plaintiffs in detention for excessive periods of time, in violation of the 4th Amendment and the 14th Amendment.

54) Defendants committed battery against the plaintiffs in that they actually struck or touched them in a violent, angry, rude or insolent manner.

55) Defendants' intent to injure concurred with the use of unlawful violence upon the battered persons.

56) The intended injuries were to the feelings, minds, emotions and bodies of the plaintiffs.

57) All Defendants acted under color of law.

58) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

59) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who conducted these acts of violence, assault, battery and excessive force.

60) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983

## AS AND FOR A FOURTH CAUSE OF ACTION
(Assault and Battery Under NY Tort Law)

61) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

62) Defendants battered and assaulted plaintiffs during the apprehensions and arrests of the plaintiffs, striking the plaintiffs, kicking Kempes, throwing Nahumy to the ground, throwing Joel Lewis onto a car, and touching Mardochee inappropriately, using tightened restraints for excessive periods of time.

63) Defendants committed battery against the plaintiffs in that they actually struck or touched them in a violent, angry, rude, insolent, unwelcome or inappropriate manner.

64) Defendants' intent to injure concurred with the use of unlawful violence upon the battered persons.

65) The intended injuries were to the feelings, minds, emotions and bodies of the plaintiffs.

66) All Defendants acted under color of law.

67) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

68) The City of New York violated protections guaranteed plaintiffs as citizens of the United

        States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who conducted these acts of violence, assault, battery and excessive force.

69) The City of New York is vicariously liable for the acts of its agents when these acts fall within the scope of the agents' employment.

70) All defendants are liable for said injuries pursuant to Tort law of the State of New York.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Defendant City of New York's Negligent Hiring,
Supervision, Training and Failure to Discipline)

71) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

72) The City of New York knows of the likelihood that its police officers make false arrests without probable cause, and using excessive force and battery upon persons, knows that its police officer employees have the propensity to falsely charge and maliciously prosecute its citizens, knows that its police officers have the propensity to use excessive force, to use techniques intended to cause extreme emotional harm and distress while in police custody, and to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise and failing discipline its police officers.

73) As a result, Plaintiffs were falsely arrested, subject to excessive force and battery, and were otherwise injured to their bodies and their minds.

74) Plaintiffs were injured due to the failure of the City of New York, through the NYPD, to properly hire, screen, train, supervise and discipline its officers, including the defendant officers.

75) The City of New York is liable to the plaintiffs for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the Defendants:

(a) special and compensatory damages in the amount of one million dollars ($1,000,000) dollars;

(b) punitive damages in the amount of one million dollars ($1,000,000) dollars;

(c) reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; and

(d) such other and further relief as to this Court seems just and proper.

Dated: New York, New York
May 4, 2011

*The Law Offices of*
**MICHAEL P. MANGAN LLC**

By: Michael P. Mangan (MM-5773)
*Attorneys for Plaintiffs*
160 Pearl Street, Suite 610
New York, NY 10005
(212) 248-2171

11